DISTRICT TOWNSHIP OF CARROLL v. DISTRICT TOWN-
SHIP OF ARCADIA.

Statute of Limitations: AGREEMENT TO PAY MONEY: SCHOOL DIS-
TRICTS. The defendant district was formed out of territory formerly belonging to the plaintiff district, and, in the adjustment of the indebtedness of the original district, for which the plaintiff was primarily liable, defendant agreed to pay a certain per cent. of it. More than fifteen years after that agreement was made, defendant having failed to pay, plaintiff brought this action to recover on the agreement. There was nothing in the contract or the petition to show any intention on the part of the contracting parties that payment should be delayed, nor any necessity therefor. *Held* that a right of action at once accrued upon the agreement, and that this action was barred by the statute of limitations.

*Appeal from Carroll District Court.* — HON. J. P. CONNER, Judge.

FILED, JANUARY 25, 1890.

PRIOR to June 5, 1871, the defendant district was included in that of the plaintiff, and known as the "District Township of Carroll." At that date the district was divided, and the defendant district created. The district township of Carroll, before the division, was indebted in a large amount; and on the thirteenth day of April, 1872, the two district townships, through their respective boards, with a view to properly adjust the burdens of the previous debt between them, made the following agreement: "At a meeting of the district township board of directors, the district township of Carroll, and the district township of Arcadia, in Carroll county, Iowa, held, on the thirteenth day of April, 1872, at the court house in Carrroll, for the purpose of dividing the assets and liabilities, and adjusting all claims and differences between the said townships, it was resolved that the district township of Arcadia hereby assumes and agrees to pay one hundred and twenty-nine seven hundred and forty-two hundredths per cent. of the debt of Carroll township that existed at the time, on the fifth day of June, 1871; the judgment taxes of 1869 and 1870, and other unpaid tax levied by Carroll township, when collected, to be applied on the payment of said indebtedness, and said Arcadia township is to pay one hundred and twenty-nine seven hundred and forty-two hundredths per cent. of the remainder. Said township of Carroll agrees to pay said Arcadia township the sum of seven-hundred and forty-eight dollars for the use of the schoolhouse fund of Arcadia township, said payment to be made on or before February 5, 1873. The school tax levied, of all kinds, for 1871, upon the property in said Arcadia township, is to belong exclusively to Arcadia township. Said Arcadia township is to have its full *pro-rata* share of all discounts or money saved on the compromise of any of the indebtedness herein divided, and is to pay one hundred and twenty-nine seven hundred and forty-two hundredths per cent. of said indebtedness." This action was commenced in April, 1888, the petition

showing that the proportionate amount due from the defendant district under contract, because of debts paid by the plaintiff, is eight thousand dollars;·and to the petition is appended a statement of the items of such payment, and the dates thereof, showing the payments to have been made by the plaintiff at different dates, ranging, in point of time, from October, 1874, to March 1, 1880. The district court sustained a demurrer to the petition; and the plaintiff, electing to stand on its petition, appeals from a judgment on the demurrer.

*Geo. R. Cloud,* for appellant.

*Powers & Powers,* for appellee.

GRANGER, J.—The ground of the demurrer available for our consideration is that the action is barred by the statute of limitations. The agreement by which defendant was to pay does not in terms fix a particular time for payment; and unless, by legal inference from the terms of the contract, or from the averments of the petition, a rule may be deduced that would toll the running of the statute to a time within the statutory period, the action must be treated as barred. Keeping in view the query, when did the cause of action accrue? Let us first look to the contract, to ascertain its bearing on the question. By its terms, the defendant assumed and agreed to pay one hundred and twenty-nine seven hundred and forty-two hundredths per cent. of the indebtedness of Carroll township that existed at a prior date, June 5, 1871. It was agreed that the defendant should share *pro rata* all discounts or money saved on a compromise of any of the indebtedness. There is nothing in the contract to show a purpose of, or a necessity for, delaying an early adjustment of the affairs. Aiding the contract by averments of the petition, and such a purpose or necessity is no more apparent. It does not appear that at the time of making the agreement the amount of the indebtedness was not definitely known, nor that there was pending litigation or disputes, or any facts to negative a presumption that the parties intended prompt payment. The

plaintiff treats itself as the party of primary liability to its creditors; and, as we view the contract, its purpose was to raise funds to aid in the payment of its debts. We see nothing in the terms of the contract to require the plaintiff, as between itself and the defendant, to first pay, and then seek repayment; but, with the primary obligation for payment upon it, it could at once demand the *pro-rata* share of the defendant, and maintain its action therefor.

Appellant's argument is based upon the theory that the contract "was a continuing one," and, as we understand, that its right to demand payment depended, from time to time, upon its payments of the different debts. We can only say, as in substance we have said before, that the averments of the petition do not justify such an inference. The contract is to pay a certain per cent. of the indebtedness, not of the separate debts; and the defendant's liability in no manner depended on the different items of the plaintiff's indebtedness, but upon the aggregate amount at a particular date. If the indebtedness should be lessened by compromise, the defendant should have a *pro-rata* share of such benefits. The action is at law, and the right of recovery depends upon a strict legal liability. No excuse for the long delay is offered on the part of the plaintiff; and, so far as the record discloses, all matters could have been as well adjusted in two years as in fifteen. What might have been the effect of a showing that disputes or litigation was pending or anticipated, and that payments by the defendant were not to be made until after adjustment, is not for us now to determine. It is certain that we cannot assume such a state of facts, to avoid the operation of the statute.

An exhibit to the petition contains an itemized statement of "Expenses of litigation," and some of these items appear from that statement to have been paid as late as September, 1879; but when the litigation took place, or what it was about, does not appear. We think the judgment below should be

AFFIRMED.